**FILED**

**May 18, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:15 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| ALEXANDRA LOPEZ<br>Employee,<br>v.<br>TEAM HEALTH,<br>Employer,<br>And<br>TRUMBULL INSURANCE CO.,<br>Carrier. | ) Docket No.: 2015-03-0668<br>)<br>)<br>) State File No.: 76726-2015<br>)<br>)<br>) Judge Pamela B. Johnson<br>)<br>)<br>)<br>) |

## EXPEDITED HEARING ORDER
## GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Alexandra Lopez, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issues are (1) whether Ms. Lopez sustained an injury[1] arising primarily out of and in the course and scope of her employment with the Employer, Team Health; (2) whether Ms. Lopez is entitled to past or future medical benefits; and (3) whether Ms. Lopez is entitled to past or future temporary disability benefits. For the reasons set forth below, the Court finds Ms. Lopez demonstrated she is likely to prevail at a hearing on the merits on the issue of entitlement to a panel of orthopedic physicians for evaluation of her right knee.[2]

### History of Claim

Ms. Lopez is a forty-nine-year-old resident of Knox County, Tennessee. Team Health employed Ms. Lopez as an Administrative Assistant. On September 14, 2015, Ms. Lopez slipped in liquid while collecting mail. (T.R. 1.) Ms. Lopez caught herself

---

[1] Team Health announced at the Expedited Hearing that it accepted Ms. Lopez's left ankle claim as compensable, but denied the right-knee claim.

[2] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

but struck her left ankle on the mail cart. The following day, Ms. Lopez contacted Jason Price at Team Health by email and text to report the incident. (Exs. 4 and 5.)

On September 21, 2015, she went to her primary care physician (PCP), Dr. Michael West, at Norwood Family Medicine. (Ex. 3.) Dr. West diagnosed Ms. Lopez with an avulsion fracture of the medial malleolus and left-ankle sprain. *Id.* Dr. West also placed Ms. Lopez off work and referred her for an orthopedic consult. *Id.* Team Health did not pay Ms. Lopez temporary total disability benefits during this period because her treatment was not with an authorized provider. (Ex. 5.)

Ms. Lopez testified Team Health provided her with a panel of orthopedic physicians and she selected Dr. William McPeake at Knoxville Orthopedic Clinic, whom she saw on September 29, 2015. Dr. McPeake diagnosed strain to the left-anterior tibial tendon, placed Ms. Lopez in a walking boot, and released her to return to work with restrictions of minimal walking and standing. (Ex. 6.)

Ms. Lopez testified Team Health did not comply with Dr. McPeake's restrictions, which she stated included staying off her foot with her foot elevated and removing her boot every two hours for fifteen minutes. She indicated she worked her same job, performing computer work. She acknowledged Team Health offered to move her closer to the bathroom, but she turned this offer down because it moved her further away from the breakroom. Team Health additionally offered to have her coworkers come to her, instead of her walking to them.

Ms. Lopez further testified, within one month of walking in the boot, she developed extreme pain in her right knee. She explained the boot "was higher," "tilted to one side," and "heavy." Ms. Lopez contacted Hartford adjusters, Faith Bailey and Andrea Nicolle, on October 14, 2015, to report pain and swelling in her right knee. (Ex. 4.) Ms. Lopez sought approval from The Hartford for evaluation of her right-knee pain by Dr. McPeake. She advised further she was unable to drive and missed work due to the pain and swelling. Later the same day, Andrea Nicolle advised Ms. Lopez that, upon review of the file and medical notes, The Hartford determined it appropriate to issue a Form C-27 denying compensability of the right-knee injury.

Ms. Lopez returned to see her PCP, Dr. West, on October 16, 2015, for right-knee pain. (Ex. 3.) Dr. West obtained an x-ray of the right knee and referred Ms. Lopez to an orthopedic physician. *Id.*

Several days later, on October 20, 2015, Ms. Lopez returned to see Dr. McPeake for her left ankle. (Ex. 6.) Dr. McPeake placed Ms. Lopez off work until after an MRI of her left ankle, which occurred on October 29, 2015. *Id.*

On October 23, 2015, Ms. Lopez saw Dr. Robert Smith at Ortho Tennessee for

2

right-knee pain, which she stated began three weeks ago and as the result of overuse. (Ex. 6.) Dr. Smith injected the right knee and prescribed crutches. *Id.* Dr. Smith noted, "I do think she has aggravated some of her arthritis in this knee because she is having to use the boot and having to walk differently." *Id.* Following the injection, Ms. Lopez testified she treated with prescription therapy of Prednisone and Hydrocodone and used a cane as a walking aid. (*See also* Ex. 3.)

Ms. Lopez then went back to Dr. McPeake on November 9, 2015, with continued left-ankle pain. (Ex. 6.) Dr. McPeake ordered physical therapy and removed Ms. Lopez from work again on November 9, 2015. He also requested that Team Health excuse her from work for three weeks. He released her to return to work on December 7, 2015. *Id.*

Ms. Lopez testified she no longer worked for Team Health, stating she quit for personal reasons unrelated to the work injury. On cross-examination, she admitted she reported for jury duty on a Monday, but was excused on Tuesday and told she was not required to return. Later in the week, she told Team Health she was returning to jury duty. She testified, "I lied . . . and my employer stated that he wanted to come talk to me and instead I quit."

Ms. Lopez filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Lopez filed a Request for Expedited Hearing, and this Court heard the matter on April 26, 2016.[3]

At the Expedited Hearing, the parties focused on the disputed right-knee injury. Ms. Lopez admitted she received treatment for her knees prior to the September 14, 2015 work injury, including undergoing arthroscopic surgery on her right knee twenty years ago. However, she denied daily problems with her knees, explaining she only experienced sporadic pain prior to the work injury. She further admitted she took Prednisone and Hydrocodone and used a cane before the work injury. However, when asked about specific dates of service with her PCP for knee pain, leg pain, or pain in her hips, knees, and ankles, Ms. Lopez was unable to recall the specific visits.[4] She testified a difference existed between her prior pain and the excruciating pain behind her right kneecap that developed after wearing the walking boot on her left ankle.

Ms. Lopez additionally testified she did not receive temporary total disability

---

[3] The parties stipulated that Ms. Lopez's average weekly wage was $593.15, which correlates to a workers' compensation rate of $395.43 per week.

[4] The medical records show Ms. Lopez treated for arthralgia of multiple sites, myalgia and myositis, and peripheral neuropathy among other medical conditions, and used a cane, in the months leading up to the work injury. Her treatment included prescription therapy of Prednisone and Hydrocodone. (*See generally* Ex. 3.)

benefits from September 14 through September 29, 2015, when she saw Dr. McPeake. She additionally indicated she did not receive temporary disability benefits for the four days she was off work in October 2015, when she saw Dr. Smith for her right-knee pain. She also stated she was not paid temporary total disability benefits from December 1 through December 7, 2015.

Ms. Lopez argued her right-knee symptoms began approximately one month after wearing the walking boot to treat her left-ankle injury, which arose primarily out of and in the course and scope of her employment with Team Health. In October 2015, Dr. Smith opined she aggravated the arthritis in her right knee because she had to use the boot. Ms. Lopez contended she is entitled to temporary total disability benefits for the periods she was not paid, but missed work due to her work injury. She further contended she is entitled to additional treatment for her right knee.

Team Health countered Ms. Lopez failed to show her employment contributed more than fifty percent in causing her right-knee injury, considering all causes. There is no indication Dr. Smith knew of Ms. Lopez's pre-existing symptoms in her knees and legs, and there is no evidence Dr. Smith considered other possible causes. Team Health argued Ms. Lopez used a cane prior to her work injury and previously took the same prescription medication to treat her symptoms. Team Health averred the evidence was insufficient to prove that Ms. Lopez's right-knee injury resulted from her work injury or treatment arising from her work injury.

### Findings of Fact and Conclusions of Law

Ms. Lopez has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). She need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, at an Expedited Hearing, Ms. Lopez must present sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

The central issue for determination is whether Ms. Lopez sustained an injury to her right knee arising primarily out of and in the course and scope of her employment. The Workers' Compensation Law defines an "injury" as "an injury by accident . . .

4

arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). An aggravation of a preexisting condition is a compensable injury when "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2015). Thus, Ms. Lopez can satisfy the burden of proving a compensable aggravation if: (1) there is expert medical proof that the work accident "contributed more than fifty percent (50%)" in causing the aggravation, and (2) the work accident was the cause of the aggravation "more likely than not considering all causes." Tenn. Code Ann. § 50-6-102(13)(C)-(D) (2015).

In sum, to qualify for medical benefits at an Expedited Hearing, an injured worker who alleges an aggravation of a preexisting condition must offer evidence that the aggravation arose primarily out of and in the course and scope of employment. *See* Tenn. Code Ann. § 50-6-102(13)(A) (2015). Moreover, the employee must come forward with sufficient evidence from which the trial court can determine that the employee would likely establish, to a reasonable degree of medical certainty, that the work accident contributed more than fifty percent in causing the aggravation, considering all causes. *See* Tenn. Code Ann. § 50-6-102(13)(B)-(C) (2015). Finally, an aggravation or exacerbation need not be permanent for an injured worker to qualify for medical treatment reasonably necessitated by the aggravation. *Miller v. Lowe's Home Centers, Inc.*, No. 2015-05-0158, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, *18 (Tenn. Workers' Comp. App. Bd. Oct. 21, 2015).

Here, Ms. Lopez credibly testified concerning her September 14, 2015 work injury to her left ankle and the right-knee pain she experienced after wearing the walking boot for one month. Team Health cross-examined Ms. Lopez regarding her prior bilateral leg and knee pain for which she treated, took Prednisone and Hydrocodone, and used a cane. While Ms. Lopez admitted she previously treated for bilateral leg and knee pain, she testified the right-knee pain that developed after wearing the walking boot was different and more severe than her prior pain and further stated her prior complaints did not lead to a referral to an orthopedic physician. Moreover, Dr. Smith opined, "I do think she has aggravated some of her arthritis in this knee because she is having to use the boot and having to walk differently." Therefore, this Court finds Ms. Lopez presented sufficient evidence for this Court to conclude that she is likely to prevail at a hearing on the merits on the issue of whether the work injury and resulting treatment caused her right-knee injury.

At an Expedited Hearing, Ms. Lopez is not required to prove the compensability of her right-knee claim by a preponderance of the evidence. *See Lewis v. Molly Maid, et al.*, No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). Rather, where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be

sufficient to support an order compelling an employer to provide a panel. *Id.*

In this case, Ms. Lopez advised The Hartford of the development of her right-knee symptoms, but without offering her a panel, Team Health and The Hartford denied her right-knee claim. Therefore, this Court orders Team Health to provide Ms. Lopez a panel of orthopedic specialists pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015). Following Ms. Lopez's selection of an orthopedic physician, the parties may consult with the orthopedist to address causation and ultimately compensability of her right-knee claim.

Lastly, Ms. Lopez is entitled to temporary total disability benefits pursuant to Tennessee Code Annotated § 50-6-207(1) (2015) if she suffered a compensable, work-related injury that rendered her unable to work. *Jewell v. Cobble Constr. and Arcus Restoration,* No. 2014-05-0003, 2014 TN Wrk. Comp. LEXIS 15, at *31 (Tenn. Wrk. Comp. App. Bd. Dec. 15, 2014), *citing Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). Until compensability of her right-knee injury is established, the Court reserves ruling on Ms. Lopez's request for temporary total disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Team Health and/or The Hartford shall provide Ms. Lopez with medical treatment for her right knee as required by Tennessee Code Annotated section 50-6-204 (2015), to be initiated by Team Health or The Hartford providing Ms. Lopez with a panel of physicians as required by that statute. Ms. Lopez or the medical providers shall furnish the medical bills to Team Health or The Hartford.

2. The Court reserves its ruling on Ms. Lopez's request for temporary total disability benefits at this time.

3. This matter is set for an Initial (Scheduling) Hearing on **July 13, 2016,** at **1:00 p.m.** Eastern Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the** _18th_ **day of May, 2016.**

HON. PAMELA B. JOHNSON
Workers' Compensation Judge

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Pamela B. Johnson, Court of Workers' Compensation Claims. The parties must call (865) 594-0091 or toll-free (855) 543-5041 to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is

practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Technical Record:
- Petition for Benefit Determination, filed October 19, 2015;
- Dispute Certification Notice, filed December 2, 2015;
- Show Cause Order, entered February 11, 2016;
- Amended Show Cause Order, entered February 11, 2016;
- Employee's Response to Show Cause Order, filed March 14, 2016;
- Request for Expedited Hearing, filed March 14, 2016; and
- Order, entered March 29, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
- EXHIBIT 1: Affidavit of Alexandra Lopez;
- EXHIBIT 2: Wage Statement, Form C-41;
- EXHIBIT 3: Medical Records from Summit Medical Group - Norwood Family Medicine;
- EXHIBIT 4: Email Communications between Ms. Lopez, Team Health, and The Hartford;
- EXHIBIT 5: Text Messages between Alexandra Lopez, Jason Price, and Faith Bailey; and
- EXHIBIT 6: Medical Records from Ortho Tennessee; and
- EXHIBIT 7: Medical Records from Physiotherapy Associates.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the **18th** day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Curtis W. Isabell, Esq., Employee's Counsel | | | X | curtis.isabell@comcast.net |
| Joseph W. Ballard, Esq., Employer's Counsel | | | X | joseph.ballard@thehartford.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov